Turley, J.
delivered the opinion of the court.
■ ,This is an action of replevin, brought by Wm. Bogard against Lewis Jones, to recover a negro woman named Julia, and her child named Ann. Upon the trial in the Circuit Court of Hardeman, it appeared that the plaintiff purchased the negroes in dispute from John G. Price, on the 5th of April, 1846, at Salem, in Marshall county, State of Mississippi, for the price of five hundred and seventy-five dollars, and received a bill of sale for them; that they remained in his possession at his house in said county of Marshall, till about the 28th day of January, 1847; that on the 28th day of January, 1847, they were found in the possession of the defendant in the county of Hardeman, State of Tennessee. It further appeared that the negro Julia was the child of a negro Sally, who had been devised to Fanny Morris for life, with remainder to her children, by her father, Archer Johnson, in the State of North Carolina» and that Fanny Morris was dead. It also appeared that the defendant claimed the negro Julia and her child *740 Ann by virtue of a bill of sale executed to bim on tbe 27th day of October, 1845, by Richard Freeman, who is proven to have been a son-in-law of Fanny Morris, who was dead before the execution of the bill of sale. It also appeared, from the testimony of A. Vanhook, that on one occasion he was at the house of Richard Freeman and was then introduced to the young men, who, he was informed by Freeman, were the sons of Fanny Morris and his (Freeman’s) brothers-in-law. Upon these facts his Honor the Circuit Judge, charged the jury, in substance, as follows: “The action of replevin was in substance an action of detinue, and . it was necessary for the plaintiff to prove a right to the property in the dispute between the parties. That proof of the possession of the negroes is prima facie evidence of title and would be sufficient to enable the plaintiff to recover against all persons but those having a better title; and that if the testimony had closed upon the plaintiff’s proof he would have been entitled to recover. To resist a recovery the defendant had read in evidence a copy of a will of Archibald Johnson deceased, in one item of which he wills to certain trustees two negroes and their increase, for the use of his daughter, Fanny Morris, during her life, with remainder to her children; also depositions to prove that the negroes in controversy were the issue of Sally, one of the negroes devised to Fanny Morris by her father; and also a bill of sale from Richard Freeman for the negro woman and child, and testimony to show that Freeman was the son-in-law of Fanny Morris, and that she was dead. Now if the jury should believe, from all the testimony, that the negroes in dispute were the issue or increase of Sally, willed by A. Johnson, to his daughter Fanny Morris for life, and to her children after her death, and that the said *741 Fanny Morris was dead, and that Freeman married one of her daughters,' and his wife was alive at her death, Jones the defendant would have all the right of Freeman and wife to the negroes in dispute, which would be paramount to that of the plaintiff. That if Mrs. Morris had other children than the wife of Freeman, the possession of the defendant, owning an interest in the negroes, would be considered the possession of all, and entitle him to retain possession against all others not claiming under them; that if the jury found for the defendant they should assess the value of the negroes at such an amount as to make it the interest of the plaintiff to surrender them.”
The judge also said to the jury that the owner of personal property had a right to take peaceable possession of it wherever he found it. But he was not authorized to take forcible and violent possession of the same; but if he did take forcible possession of the same, in an action against him for the property, he could hold it in preference, to any person except those having a better title, and would only be liable for the trespass. Upon which the jury returned a verdict for the defendant, and assessed the value of the negroes at eight hundred and thirty-six dollars, and there was judgment thereon according to law, and to reverse which, the plaintiff prosecutes his writ of error to this court.
We think there is no error for which this judgment should be reversed: the charge of. the judge is accurate in every .particular, and the testimony well warranted the verdict. The following points are adjudged in this case in the court below, to all of which we yield our assent.
1. The action of replevin is substantially an action of detinue, and in order to recover in such action the plaintiff must show a right of possession as against the defendant
*742 2. If the negroes in dispute were the property of Fanny Morris at her death, and were afterwards sold to the defendant by Richard Freeman, the son-in-law of Fanny Morris, his wife being alive at her death, the right thus acquired would be paramount to that of the plaintiff, supported alone by his possession; and that the fact that there might be other children of Fanny Morris alive equally interested with Freeman, as the owners of the negroes would not vary the principle; because in such case the possession of Jones, claiming under Freeman, would be as against all other persons, the possession of all equally interested with him in the possession.
3. That the owner of personal property has the right to take peaceable possession of it wherever he may find it, but that he has no right to take a forcible or violent possession of it.
4. That if , such owner do take forcible and violent possession of his property, he is only liable in an action of trespass for the damages done by him by reason of such forcible and violent action, but not in an action for the property specifically brought. At the present term of this court, it has been held, in the case of Collomb vs. Taylor, that the owner of personal property may legally regain its possession, if he do so peaceably and without committing a trespass upon the person claiming to hold it against him or upon his premises. Upon the whole view of this case then, we think the verdict and judgment of the court below are well warranted by the proof and the law, and affirm the same.